# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. GERA, | : | No. 3:20cv469 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| | : | |
| BOROUGH OF FRACKVILLE, | : | |
| MARK SEMANCHIK, RICHARD | : | |
| BELL, DEVIN BUCCIERI, and | : | |
| BRENDA DEETER, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

*Pro se* Plaintiff John M. Gera filed the instant civil rights action on March 20, 2020.  (Doc. 1).  The complaint asserts various claims against the Borough of Frackville and four of the borough's officials including Solicitor Mark Semanchik, Esq., Police Chief Richard Bell, Police Officer Devin Buccieri, and Secretary Brenda Deeter ("defendants").  (Id.)  On June 12, 2023, Chief Magistrate Judge Karoline Mehalchick[1] issued a Report and Recommendation ("R&R2") suggesting that the plaintiff's motion for reconsideration on the denial of plaintiff's motion for summary judgment and third entry of default be denied.  Plaintiff has

---

[1] Since the issuance of the Report and Recommendation, Chief Magistrate Karoline Mehalchick has been appointed to the United States District Court.

filed objections to the R&R.  The matter has been briefed and is ripe for disposition.

**Background**

Plaintiff initiated the instant case by filing a complaint on March 20, 2020. (Doc. 1).  The factual allegations of plaintiff's *pro se* complaint are difficult to ascertain.  Plaintiff evidently sues the defendants for civil rights violations regarding their treatment of him over his contact, or some sort of incident, with a waitress and her mother in Shenandoah, Pennsylvania.

A previous R&R, issued on February 8, 2021, suggested that plaintiff had not properly served the complaint, and therefore, a motion for entry of default that he had filed should be denied.  (Doc. 21).  The R&R also pointed out several deficiencies in the complaint and allowed the plaintiff thirty (30) days from the date of the disposition of the R&R to file an amended complaint.  (Id.) Plaintiff then filed a second motion for entry of default on March 30, 2021, and objections to the R&R on April 29, 2021.  (Doc. 24, Doc. 28).

On April 4, 2022, the Honorable Robert D. Mariani adopted the R&R. (Doc. 31).  He also denied the second motion for entry of default.  (Id.)  On April 21, 2022, plaintiff filed a third motion for default.  (Doc. 32).  He filed an amended complaint several days later on May 3, 2022.  (Doc. 34).  The amended complaint raises issues of First Amendment Freedom of Speech, Fifth

2

Amendment Due Process, Freedom of Movement, and Freedom of Association against the defendants.  (Doc. 34, Am. Compl. ¶ 30).  On May 18, 2022, defendants filed a motion to dismiss the amended complaint.  (Doc. 35).  Plaintiff filed a motion for summary judgment on June 23, 2022.  (Doc. 39).

Magistrate Judge Mehalchick issued an R&R ("R&R1") on February 6, 2023.  R&R1 suggested granting the defendants' motion to dismiss without prejudice to the plaintiff filing a second amended complaint.  (Doc. 45, R&R1).  It also recommended denying plaintiff's third motion for entry of default and denial of the plaintiff's motion for summary judgment as premature.  (Id.)

Plaintiff filed objections to R&R1 on February 21, 2023.  (Doc. 46).  On March 31, 2023, Judge Mariani overruled the plaintiff's objections and adopted the R&R.  (Doc. 49).  On April 26, plaintiff filed a motion for reconsideration/motion for hearing.  (Doc. 50).

After the motion was briefed, Magistrate Judge Mehalchick issued R&R2 recommending that the motion for reconsideration be denied.  (Doc. 55).  Plaintiff filed an objection to that R&R on June 26, 2023, and defendants filed a brief in opposition to the objection on July 6, 2023. (Doc. 57).  Judge Mariani transferred this case to the undersigned on November 7, 2023.  The plaintiff's objection is ripe for decision.

3

**Jurisdiction**

As plaintiff appears to be asserting federal civil rights claims, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

On March 31, 2023, the court adopted R&R1.  (Doc. 49)  In doing so, the court:

1) denied the plaintiff's motion for summary judgment as premature;

2) denied the plaintiff's third motion for entry of default;  and

3)  dismissed the plaintiff's complaint without prejudice to plaintiff filing an amended complaint within thirty (30) days.  (Id.)

In response, the plaintiff filed a motion for reconsideration. (Doc. 50). Magistrate Judge Mehalchick filed an R&R ("R&R2") on June 12, 2023, recommending the denial of the motion for reconsideration.  (Doc. 55).  Plaintiff objects to that recommendation.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must demonstrate one of three grounds in order for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677.   A motion for reconsideration is not a proper vehicle to merely attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

The Local Rules for the United States District Court for the Middle District of Pennsylvania ("Local Rules") provide that a motion for reconsideration must be "filed within fourteen (14) days after the entry of the order concerned." M.D.PA.

5

L.R. 7.10.  Here, the court entered the order concerned on March 31, 2023, and the objections were filed more than fourteen (14) days later on April 26, 2023. (Doc. 49, Doc. 50).  Accordingly, the motion for reconsideration will be denied as untimely.  Moreover, even if it had been timely, the plaintiff's motion for reconsideration lacks merit.  It does not raise an intervening change in controlling law, the availability of new evidence, the need to correct a clear error of law, or the need to prevent manifest injustice.

Plaintiff also requests oral argument on his objection.  The Local Rules provide that in pretrial matters:  "The judge, in his or her discretion, may grant oral argument *sua sponte* or at the request of either or both parties." M.D.PA. L.R. 7.9.  The court finds no reason to grant oral argument in this case.  Plaintiff's position is clearly meritless and hearing oral argument would not be a sound use of scarce judicial resources.

Finally, plaintiff requests that this case be given to proper authorities to investigate the court's actions and inactions.  Plaintiff appears to be complaining of the delay in the resolution of his case and of legal errors he asserts the court has made thus far.  It is not clear to which authorities plaintiffs seeks the court to refer these allegations.  However, legal issues may, at the appropriate time, be appealed to the Third Circuit Court of Appeals.  Regarding any delay that plaintiff has experienced, the courts address the cases and motions before them as

6

expeditiously as possible.  There are, however, only a limited number of judges to address a high volume of cases and delay is to be expected.  Plaintiff's request for referral to proper authorities will be denied.

**Conclusion**

For the reasons set forth above, the plaintiff's objections to  R&R2 will be denied, and R&R2 will be adopted.   Plaintiff will be granted thirty (30) days to file an amended complaint and remedy the legal shortcomings found in it as explained in the R&R1 of February 6, 2023.  Failure to file such an amended complaint in the given timeframe will result in dismissal of this case with prejudice.  An appropriate order follows.

**Date:** 6/4/24

JUDGE JULIA K. MUNLEY
United States District Court