IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. GERA,<br>           **Plaintiff**<br><br>v.<br><br>BOROUGH OF FRACKVILLE,<br>MARK SEMANCHIK, RICHARD<br>BELL, DEVIN BUCCIERI, and<br>BRENDA DEETER,<br>           **Defendant** | No. 3:20cv469<br><br>(Judge Munley)<br><br>(Magistrate Judge Carlson) |

## MEMORANDUM

Before the court for disposition is Magistrate Judge Martin C. Carlson's report and recommendation ("R&R"), which recommends denying Plaintiff John M. Gera's motion for summary judgment, granting Defendants Borough of Frackville, Mark Semanchick, Richard Bell, Devin Buccieri, and Brenda Deeter's motion to dismiss and dismissing plaintiff's claims with prejudice. Plaintiff has filed objections to the R&R, and the matter is ripe for disposition.

**Background**

Plaintiff, acting *pro se*, commenced this lawsuit by filing a complaint on March 20, 2020. (Doc. 1). Plaintiff filed a second amended complaint on July 2, 2024, which is the operative pleading. He asserts a violation of his civil rights and various other claims against the Borough of Frackville and the following four

borough officials: Solicitor Mark Semanchik, Esq.; Police Chief Richard Bell; Police Officer Devin Buccieri; and Secretary Brenda Deeter. (Doc. 61)

The facts underlying the complaint involve plaintiff's dealings with "two adults" who evidently spoke with the Frackville Police regarding the plaintiff. (Id. ¶¶ 22-23). The Frackville Police engaged in an investigation. (Id. ¶¶ 23-25). Plaintiff complains of the defendants' actions during the investigation. He also complains about the response he received to a request under the "Right To Know Act/Freedom of Information Act" seeking information including, e.g., the names, addresses, and telephone numbers of various Borough of Frackville Officials and the Borough of Frackville insurance carrier. (See id. ¶¶ 27-30, Doc. 64-3 at 5).

Plaintiff's claims include federal causes of action for violations of civil rights, failure to train, and criminal conspiracy. Plaintiff also asserts state law claims for violations of state codes/laws, harassment, defamation and slander, pain and suffering, and intentional infliction of emotional distress. (Doc. 61).

In response to the plaintiff's second amended complaint, defendants filed a motion to dismiss for failure to state a claim. (Doc. 63). Plaintiff then filed a motion for summary judgment. (Doc. 65). After the parties had filed briefs regarding the motions, Magistrate Judge Carlson issued an R&R. (Doc. 69).

Plaintiff then filed an objection to the R&R, (Doc. 70) bringing the case to its present posture.

**Jurisdiction**

Because plaintiff brings suit for civil rights violations under the United States Constitution, pursuant to 42 U.S.C. § 1983, the court has federal question jurisdiction. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

## Discussion

The R&R addresses several topics, including the plaintiff's motion for summary judgment and the defendants' motion to dismiss the plaintiff's second amended complaint. The court will address each.

### A. Plaintiff's Motion For Summary Judgment

Plaintiff filed his second amended complaint on July 2, 2024. (Doc. 61). Several weeks later, on July 31, 2024, he filed a motion for summary judgment. (Doc. 65). The R&R recommends that plaintiff's motion for summary judgment be denied as it seeks relief that he has previously asked for multiple times and been denied. Additionally, a motion for summary judgment is premature because discovery has not yet occurred. The R&R proceeds to note that plaintiff is not truly using the motion for summary judgment to seek summary judgment. Rather, he is using the summary judgment process to argue that the court erred in failing to enter default in his favor. Plaintiff objects with regard to whether default should be entered in his favor.

Default judgment is governed by Federal Rule of Civil Procedure 55. Under this rule, default can be properly granted where the party against whom default is sought was served and failed to plead or otherwise respond. FED. R. CIV. P. 55(a). Plaintiff has previously litigated this issue in this very case, and his request for entry of default has consistently been denied. (See Doc. 21 at 6-8)

4

(Report and Recommendation dated February 8, 2021 addressing plaintiff's motion for entry of default); (Doc. 31, Ord. dated April 4, 2022, adopting the February 8, 2021 R&R and also denying plaintiff's second motion for entry of default); (Doc. 49, Ord. dated March 31, 2023, denying plaintiff's third motion for entry of default); (Doc. 59, Ord. dated June 4, 2024, denying plaintiff's motion for reconsideration regarding the motion for entry of default). This issue has been ruled upon and explained several times during this litigation, the court will not re-decide the merits of this argument under the "law of the case doctrine."

"The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." Pub. Int. Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 116 (3d Cir. 1997). Three "extraordinary circumstances" could "warrant a court's reconsideration of an issue decided earlier in the litigation." Id. 116-17. These circumstances are 1) the availability of new evidence; 2) a supervening change in the law; and 3) a clearly erroneous earlier decision or an earlier decision which would create a manifest injustice. Id. at 117. None of these exceptions apply here. As explained in the R&R, and as previously explained numerous times, plaintiff's position on the entry of default lacks merit. There is no new evidence on this

issue or a change in the law. The earlier decisions were not clearly erroneous and applying the law does not create a manifest injustice.[1]

Additionally, plaintiff's motion for summary judgment is premature. Summary judgment may be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Here, the parties have not yet engaged in discovery and it is thus too early to determine the facts and any dispute there may be regarding them. Plaintiff's motion for summary judgment is premature. Accordingly, plaintiff's objection on this point will be overruled, the R&R will be adopted, and plaintiff's motion for summary judgment will be denied.

---

[1] One of the issues with the motion for default is whether the plaintiff properly served the initial summons and complaint. The court has explained to the plaintiff that original process cannot be served by a party. See Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint.") That is he cannot serve the complaint himself. The underlying facts indicate that he did serve the complaint himself by mailing a copy of the summons and complaint. Plaintiff's objections indicate that the did not serve the complaint himself because he gave it to the United States Postal Service and paid them to serve the March 20, 2020 complaint and summons. However, the Postal Service is not considered the server in that instance. The person who provided the document to the USPS to be mailed is the serving party. Here, plaintiff admits that it was he who did so. (Doc. 70 at pg. 7). Accordingly, service was improper. See Constien v. U.S., 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); Kornea v. J.S.D. Management, Inc., 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018) (holding that even though *pro se* party attempted service by mail, the federal rules of procedure and the Pennsylvania rules of service require service by someone not a party to the action and personally mailing the complaint was not proper service).

## B. Defendants' Motion To Dismiss

Next the R&R addresses the defendants' motion to dismiss. The plaintiff has not filed any specific objections to Magistrate Judge Carlson's analysis of the motion to dismiss. In deciding whether to adopt portions of a report and recommendation which have not been objected to, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

The R&R breaks the motion to dismiss down into the following four topics: 1) the Rooker-Feldman Doctrine; 2) whether the plaintiff's federal claims rise to the level of a constitutional violation; 3) plaintiff's conspiracy claims; and 4) plaintiff's state law claims. The court will address these issues separately.

### 1. Rooker-Feldman Doctrine

Plaintiff challenges the partial denial of his Right To Know Act request. The R&R suggests that Pennsylvania has repeatedly denied plaintiff's requests for records related to his criminal investigations. (Doc. 69 at 19). Plaintiff has thoroughly litigated this issue in state court. The R&R notes that the Rooker-

Feldman Doctrine[2] prevents plaintiff from challenging the state court's rulings in this court. See Turner v. Crawford Square Apartments III, LLP, 449 F.3d 542, 547 (2007) (explaining that the Rooker-Feldman Doctrine prevents a plaintiff from seeking review of state court judgments in federal district court). The Magistrate Judge has not committed error regarding this issue. The R&R will be adopted.

## 2. Plaintiff's Federal Claims

Next, the R&R concludes that the plaintiff's federal claims do not rise to the level of a constitutional violation. First, Magistrate Judge Carlson points out that many of the statues cited by the plaintiff do not provide for a private cause of action. (Doc. 69, R&R at 21-23). These statutes include the 18 U.S.C. §§ 241, 242; 28 U.S.C. § 4101; 18 U.S.C. § 2340; and 15 U.S.C. § 1692(d). The R&R suggests dismissal of these claims, and there appearing no clear error or manifest injustice, the R&R will be adopted on this point.[3]

## 3. Section 1983 Claims

The R&R also addresses the plaintiff's Section 1983 claims, and explains that plaintiff has not alleged a constitutional violation. Rather, plaintiff complains

---

[2] The Rooker-Feldman doctrine is a federal abstention doctrine which takes its name from two Supreme Court cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[3] Additionally, it has previously been ruled in this case that these statutes do not create a private cause of action, and the law of the case doctrine as discussed above would prevent re-litigation of this issue. (See Doc. 69 at 22).

of an investigation that did not lead to an arrest or any other kind of deprivation of a liberty interest such as a seizure or criminal charges. Because plaintiff has not alleged such a deprivation, he cannot assert a constitutional violation. See e.g., George v. Rehiel, 738 F.3d 562, (3d Cir. 2013) (explaining that the first step in a constitutional Fourth Amendment analysis is to determine whether a search or seizure took place). The court agrees. Accordingly, it was not a clear error or manifest injustice for the R&R to recommend dismissal of the Section 1983 claims.

### 4. Conspiracy Claims

The R&R also suggests the dismissal of plaintiff's conspiracy claims under 42 U.S.C. §§ 1985 and 1986. The R&R explains that plaintiff cannot maintain a conspiracy claim under these statutes without an underlying constitutional violation, which plaintiff has not alleged. Additionally, a plaintiff needs more than bare conclusory allegations, but must allege facts regarding the existence of the conspiracy, its objectives, and the roles that the defendants played in carrying out those objectives. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). The plaintiff's second amended complaint does not meet these requirements.

The R&R also points out that the plaintiff was previously instructed on what he needed to include in his complaint so that this claim would not be dismissed.

9

He did not, however, remedy his failings with the Second Amended Complaint. Therefore, it was not a clear error or manifest injustice for the R&R to recommend dismissal of the Section 1983 claims.

### 5. State Law Claims

Lastly, the R&R recommends dismissing the plaintiff's state law claims as the federal law claims will be dismissed. This portion of the R&R will be adopted. The law provides that federal courts should not entertain pendent state law claims when federal causes of action are dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The R&R's conclusion on this issue, therefore, is correct and not a clear error or manifest injustice.

### 6. Dismissal With Prejudice

As noted in the R&R, in civil rights cases *pro se* plaintiffs should be provided the opportunity to file an amended complaint when their claims are subject to dismissal. Leave to file an amended complaint should not be given, however, where a "curative amendment would be inequitable, futile, or untimely." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004). Additionally, where a plaintiff has repeatedly failed to cure deficiencies with previously allowed amendments, leave to amend may properly be denied. USX Corp v. Barnhart, 395 F.3d 161, 166 (3d Cir. 2004). Here, the R&R points out that plaintiff has been allowed to amend twice before, and neither amendment cured the deficiencies found in his

complaint. (Doc. 69 at 33). The R&R explains that allowing further amendment would be futile as the facts plaintiff alleges do not arise to a constitutional violation. (Id.) This portion of the R&R will also be adopted. Accordingly, dismissal of plaintiff's complaint will be with prejudice and he will not be permitted to file another amended complaint.

### 7. Conflict of Interest

Plaintiff's objections indicates that the undersigned may have a "conflict of interest" because her father, United States District Judge James M. Munley, presided over one of plaintiff's cases in 2007. See M.D. Pa. Dckt. No. 3:07cv764. Plaintiff filed this earlier case on April 24, 2007, and Judge James M. Munley dismissed it in August 2007. Id., Doc. 8. Plaintiff appealed and the Third Circuit Court of Appeals affirmed the dismissal in December 2007. Id., Doc. 18.

To the extent that plaintiff seeks recusal of the undersigned judge, the request will be denied. A judge must recuse where a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)). Here, no "conflict of interest" or grounds for recusal exist merely because the undersigned's father presided over one of plaintiff's previous cases eighteen years ago.

### 8. Investigation

Finally, plaintiff seeks to have an investigation of this matter made by the proper authorities. To the extent that this request is directed at the court, it will be denied. This court is not an investigatory body. Its function is to preside over disputes.

### Conclusion

For the reasons set forth above, the plaintiff's objections will be overruled, and the R&R will be adopted. Plaintiff's motion for summary judgment is without merit because it is premature and because it merely raises a meritless default argument that the court has previously rejected. His federal constitutional claims lack substantive merit and several of the federal statutes he cites to for relief do not provide for private causes of action. Additionally, plaintiff has not pled a proper conspiracy claim. Accordingly, the plaintiff's complaint will be dismissed with prejudice. An appropriate order follows.

Date: 3/19/25

JUDGE JULIA K. MUNLEY
United States District Court